UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO:  8:19-cv-3121 WFJ-AEP

MELODEE MICHALARES-OWENS,
PLAINTIFF

Vs.

GREENWOOD OF SC, INC., A Foreign
For Profit Corporation,
DEFENDANT, jointly and severally,
And 800A, LLC, A Florida Limited Liability
Company. DEFENDANT, jointly and severally
and
Unknown Defendant  #1 and
Unknown Defendant #2
_____/

## MOTION FOR AN ORDER JOINING NECESSARY PARTY PURSUANT TO RULE 19 FEDERAL RULES OF CIVIL PROCEDURE AND MEMORANDUM OF LAW

COMES NOW PLAINTIFF MELODEE MICHALARES-OWENS, by and the undersigned counsel, and moves this Honorable Court for an Order Joining SANTA FE MEXICAN GRILL, LLC as a Necessary Party pursuant to Rule 19, Federal Rules of Civil Procedure, and as grounds therefore would say:

FACTS AND PROCEDURAL HISTORY

1. On or about  December 19, 2019, Plaintiff filed the instant case demanding injunctive relief against Defendants Greenwood of SC, Inc., and 800A, LLC, and Unknown Defendants #1 and #2. [Doc.1]

2. Plaintiff has alleged various violations of Title III of the Americans With Disability Act, 42 U.S.C. sec. 12181-12189 pertaining to the business located at 800 Clearwater-Largo Road, Largo, Florida. [Doc. 1]

1

3. Through subsequent discovery, the undersigned has determined that "Unknown Defendant #1" Santa Fe Mexican Grill, LLC, a Florida Limited Liability Company (Hereinafter "Santa Fe"), is the owner or operator or a business located at 800 Clearwater-Largo Road, Largo, Florida, which business is the subject of the instant case; as such, Santa Fe is a required party to this action that must be joined in this action.

4. Pursuant to 28 U.S.C. sec. 1331, this Court has original jurisdiction over this matter as ADA is a Federal Question. Venue is proper as all parties work, reside, or own business property in Pinellas County, Florida; the cause of action arose in Pinellas County, Florida, and the real property owned by Santa Fe that is the subject of this litigation is situated in Pinellas County, Florida.

## MEMORANDA OF LAW

## ARGUMENT

5. Rule 19 Federal Rules of Civil Procedure requires an entity that is subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction to be joined as a party if the court cannot accord complete relief among the existing parties, or, without the entity, an existing party will incur substantial risk of multiple obligations because of the absence of the non-joined party.

6. Santa Fe is the owner or operator of the business located at 800 Clearwater-Largo Road, Largo, Florida, which business is the subject matter of the instant case. 800A LLC, is the owner of the real property that is the subject of the instant matter.

7. Joinder of this party will not deprive this Court of venue or subject matter jurisdiction as the party does business in Pinellas County, Florida. As the owner or operator of the subject real property, joinder is necessary to accord complete relief among existing parties under Federal Rule of Civil Procedure 19(a), therefore, Santa Fe is a required party.

8. "A person . . . must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Allstate Ins. Co., v Conde, 595 So.2d 1005 ( Fla. 5th DCA 1992) citing Geico Gen. Ins. Co. v. Farag (11th Cir. 2015) D.C. Docket No. 8:12-cv-1066 MSS-TBM.

9. In the instant case, if Santa Fe is not joined as a party, Santa Fe as the real property owner, will be open to multiple causes of action as the ADA holds both the owner, operator, or lessor of the business as property jointly and severally liable for ADA violations 42 U.S.C.12182(a).

10. Without being joined in this cause, Santa Fe will not be able to protect its interest; and the existing party 800A, LLC incurs substantial risk of incurring multiple suits for ADA violations as the owner or operator of the business located in the subject property.

## CONCLUSION

As the owner of the subject real property, Santa Fe is a required party who is subject to service of process, whose joinder will not deprive the Court of jurisdiction, and in

the absence of Santa Fe, the Court cannot complete relief among the existing parties. In addition, as a practical matter, failing to join Santa Fe will impede Santa Fe's ability to protect its interest and may subject Santa Fe to the risk of multiple obligations because of its interest in the subject real property.

WHEREFORE, Plaintiff Melodee Michalares-Owens respectfully requests this Honorable Court enter an Order granting the Motion to join SANTA FE MEXICAN GRILL, LLC as a necessary party to this action, as well as grant any other relief deemed proper and just.

Dated: January 23, 2020

    Respectfully submitted,
    McDONALD & MINCE, PLLC

    __/s/ Melissa Gilkey Mince_____
    Melissa GilkeyMince, Esq. / FBN: 546230
    Email: mmince@mcdonaldandmincelaw.com
    Tel: 727- 488-1988
    Layla K. McDonald, Esq. / FBN: 11308
    Email: lmcdonald@mcdonaldandmincelaw.com
    801 West Bay Drive, Suite 113
    Largo, Florida 33770
    Secondary Email: eserve@mcdonaldandmincelaw.com