2011 WL 5975809
Only the Westlaw citation is currently available.
United States District Court, M.D. Florida,
Jacksonville Division.

NATIONAL ALLIANCE FOR ACCESSABILITY, INC., and Denise Payne, Plaintiffs,
v.
WALGREEN CO., Defendant.

No. 3:10–CV–780–J–32–TEM.
|
Nov. 28, 2011.

**Attorneys and Law Firms**

Philip Michael Cullen, III, Spencer M. Rose, Thomas B. Bacon, PA, Ft. Lauderdale, FL, Thomas B. Bacon, Thomas B. Bacon, P.A., Orlando, FL, for Plaintiffs.

Gregory Alan Hearing, Kevin D. Johnson, Thompson, Sizemore, Gonzalez & Hearing, PA, Tampa, FL, for Defendant.

ORDER

TIMOTHY J. CORRIGAN, District Judge.

*1 Plaintiffs, the National Alliance for Accessability, Inc. and Denise Payne, brought suit pursuit to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et. seq., claiming that Walgreen Co. ("Walgreens") failed to provide reasonable access to individuals with disabilities at its store in Lake City, Florida. This case is before the Court on Walgreens' Motion for Dismissal Under Rule 12(b)(1), or, in the Alternative, for Summary Judgment, which alleges that this case is moot because Walgreens is now in compliance with the ADA. Doc. 26.[1]

**I. THE AMERICANS WITH DISABILITY ACT**
Title III of the ADA provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

The ADA contains a number of requirements for places of public accommodation, and a failure to comply with these requirements is often defined as discrimination. Most relevant to this case, the ADA provides that discrimination includes "a failure to remove architectural barriers ... where such removal is readily achievable." § 12182(b)(2)(A)(iv). If a place of public accommodation is found to violate this provision, a court may issue an injunction requiring the defendant "to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." § 12188(a)(2). A prevailing plaintiff is not entitled to damages, but she may recover reasonable attorneys' fees. §§ 12188(a), 2000a–3(b).

**II. BACKGROUND**
The Complaint alleges that Payne, a member of the National Alliance for Accessability who qualifies as an individual with disabilities under the ADA, visited Walgreens' Lake City store and "encountered architectural barriers at the subject property" that denied her "the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at Defendant's property." Doc. 1 at 2–3. More specifically, the Complaint alleges the parking spaces, entrance access, paths of travel, and restroom facilities at Walgreens' store are not in compliance with the requirements of the ADA. *See* Doc. 1 at 4–5.[2]

Walgreens was first made aware of its alleged violations of the ADA when Plaintiffs filed suit in this case. Doc. 26–4 at 1. Soon thereafter, Walgreens hired a consultant, Jeffrey Gross, to assist in making the store comply with the ADA. *See* Doc. 26 at 3. Plaintiffs also hired an expert, Gene Mattera, who inspected the facility and submitted a report that detailed instances of alleged noncompliance and listed recommendations to correct the identified deficiencies. *See* Doc. 26–5. Based on the experts' recommendations, Walgreens made a number of repairs and adopted a new policy governing ADA accessibility. *Id.* After again inspecting the facility after the completion of the repairs, Gross now asserts that "Walgreens has addressed each and every ADA item at

issue." Doc. 26–2 at 5. Plaintiffs have not challenged Gross's conclusions or otherwise suggested that Walgreens remains in violation of the ADA. *See* Doc. 29.[3]

**III. DISCUSSION**

**\*2** While both parties appear to agree that Walgreens is no longer in violation of the ADA, the parties dispute whether Walgreens' compliance renders this case moot. "[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.,* 382 F.3d 1276, 1282 (11th Cir.2004). A federal court does not have jurisdiction to decide a moot case because, "[u]nder Article III of the Constitution, federal courts may only hear cases or controversies." *DiMaio v. Democratic Nat'l Comm.,* 555 F.3d 1343, 1345 (11th Cir.2009) (quotations omitted). Walgreens argues this case does not present a live controversy —and therefore is moot—because the Court can grant no meaningful relief now that the facility is compliant with the requirements of the ADA.

In its Rule 12(b)(1) motion, Walgreens thus argues that this Court lacks subject matter jurisdiction. The Eleventh Circuit has explained that:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, "facial" and "factual" attacks. Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

*Morrison v. Amway Corp.,* 323 F.3d 920, 924 n. 5 (11th Cir.2003) (quotations omitted). Moreover, when resolving a factual attack, the district court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir.1990). Walgreens' motion is a factual attack "because it relie[s] on extrinsic evidence and d[oes] not assert lack of subject matter jurisdiction solely on the basis of the pleadings." *Morrison,* 323 F.3d at 925.

Plaintiffs contend this Court has jurisdiction because "[i]t is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *Sheely v. MRI Radiology Network, P.A.,* 505 F.3d 1173, 1183 (11th Cir.2007) (quoting *Troiano,* 382 F.3d at 1282). This "doctrine of voluntary cessation provides an important exception to the general rule that a case is mooted by the end of the offending behavior." *Id.* The standard for judging whether voluntary conduct has mooted a case "is stringent: A case *might* become moot if subsequent events made it *absolutely clear* that the allegedly wrongful behavior *could not reasonably be expected to recur.*" *Id.* at 1184. In assessing whether this standard has been met, the Eleventh Circuit has found the following three factors to be relevant: "(1) whether the challenged conduct was isolated or unintentional, as opposed to a continuing and deliberate practice; (2) whether the defendant's cessation of the offending conduct was motivated by a genuine change of heart or timed to anticipate suit; and (3) whether, in ceasing the conduct, the defendant has acknowledged liability." *Id.* Plaintiffs argue this case is not moot because there is a reasonable possibility that Walgreens will violate the ADA in the future. *See* Doc. 29.[4]

**\*3** In a number of cases, however, "[f]ederal courts have dismissed ADA claims as moot when the alleged violations have been remedied after the initial filing of a suit seeking injunctive relief." *Norkunas v. Tar Heel Capital Wendy's LLC,* No. 5:09–cv–00116, 2011 WL 2940722, at \*3 (W.D.N.C. July 19, 2009); *see also Norkunas v. Seahorse NB, LLC,* No. 3:09–cv–934–J–32MCR, 2011 WL 1988799, at \*6 (M.D.Fla. May 23, 2011) (denying injunctive relief and attorneys' fees when the defendant voluntarily fixed all identified ADA violations prior to trial), *aff'd,* No. 11–12402, 2011 WL 5041705 (11th Cir. Oct.25, 2011). These courts have generally found that the "alleged discrimination cannot reasonably be expected to recur because 'structural modifications are unlikely to be altered in the future.' " *Sharp v. Rosa Mexicano, D.C., LLC,* 496 F.Supp.2d 93, 99 (D.D.C.2007) (quoting *Indep. Living Res. v. Oregon Arena Corp.,* 982 F.Supp. 698, 774 (D.Or.1997)); *see also, e.g., Kallen v. J.R. Eight, Inc.,* 775 F.Supp.2d 1374, 1379 (S.D.Fla.2011) ( "It is untenable for Plaintiff to suggest that once the renovations are completed they could be undone.") (quoting *Access 4 All, Inc. v. Casa Marina Owner, LLC,* 458 F.Supp.2d 1359, 1366

(S.D.Fla.2006)); *Grove v. De La Cruz,* 407 F.Supp.2d 1126, 1130–31 (C.D.Cal.2005) (holding that the installation of grab rails by a restaurant rendered moot plaintiff's ADA complaint requesting installation of such rails).

The Court likewise finds that, given the structural changes made to Walgreens' Lake City facility, coupled with its new ADA compliance policy and concomitant training, it is "absolutely clear" that the ADA violations identified by Plaintiffs cannot "reasonably be expected to recur." *Sheely,* 505 F.3d at 1184. Walgreens made a number of repairs to its facility, including fixing cracks in a curb ramp, installing electric door openers on the restrooms, placing insulating wrap around the pipes in the restrooms, and installing ADA-compliant hardware on the doors of the stalls. *See* Doc. 26–3. Because Walgreens has invested substantial resources to make its store ADA-compliant, it would be unreasonable to think that Walgreens would remove the improvements or otherwise violate the ADA after the case is dismissed.

Moreover, the factors identified by the Eleventh Circuit also suggest that Walgreens' alleged violations are unlikely to recur. First, Walgreens' violations of the ADA appear to have been unknowing and unintentional (*see* Doc. 26–4 at 1), and there is no reason to think that Walgreens would desire to violate the ADA in the future. Second, although the repairs were made in response to this lawsuit, Walgreens appears to have genuinely attempted to comply with the law. *See id.* at 2. Finally, in its motion for summary judgment, Walgreens does not argue that it was originally in compliance with the ADA. *See* Doc. 26 at 12 n. 4. The Court therefore holds that Walgreens' voluntary compliance with the ADA has mooted this case.

**\*4** Plaintiffs' claims for attorneys' fees and costs must also be denied. Plaintiffs have obtained no favorable ruling, and, under Title III of the ADA, Plaintiffs "cannot ... recover their attorney's fees for serving as a 'catalyst,' i.e., that they caused [defendant] to implement the changes they sought." *Am. Ass'n of People with Disabilities v. Harris,* 605 F.3d 1124, 1137 n. 26 (11th Cir.2010).

Accordingly, it is hereby

**ORDERED:**

1. Walgreen's Motion for Dismissal Under Rule 12(b)(1) (Doc. 26) is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** to the extent that it seeks dismissal of all claims brought by Plaintiffs, National Alliance for Accessability, Inc. and Denise Payne as moot, and **DENIED AS MOOT** to the extent that it seeks summary judgment.

2. This action is **MOOT** and therefore **DISMISSED** for lack of jurisdiction.
**DONE AND ORDERED.**

**All Citations**

Not Reported in F.Supp.2d, 2011 WL 5975809

Footnotes

1. Because the Court finds that this case is due to be dismissed as moot, this Order does not reach Walgreens' alternative request for summary judgment under Rule 56.
2. The Complaint also alleges that these items violate the Florida Accessibility Code ("FAC"), the state complement to the ADA, though it does not reference any specific provision of the FAC. Because the parties have not argued that the alleged violations of the FAC should be analyzed any differently than the alleged violations of the ADA, the mootness analysis provided in this Order applies equally to any alleged violations of the FAC.
3. Moreover, Plaintiffs' expert has not inspected the facility since the conclusion of the repairs.
4. Plaintiffs thus seek an injunction prohibiting any such future violations.

End of Document © 2020 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW