**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MELODEE MICHALARES-OWENS,

Plaintiff,

v. Case No. 8:19-cv-3121-T-02AEP

GREENWOOD OF SC, INC.,
a Foreign for Profit Corporation;
800A, LLC, a Florida Limited
Liability Company,

Defendants.
_______________________________________/

**ORDER GRANTING**
**DEFENDANTS' MOTIONS TO DISMISS**

This matter comes to the Court on Defendants 800A, LLC and Sante Fe Mexian Grill, LLC's Motions to Dismiss, Dkts. 32 & 33, Plaintiff Melodee Michalares-Owens's Amended Complaint. Dkt. 26. Plaintiff filed responses. Dkt. 36 & 37. With the benefit of full briefing, the Court grants the Defendants' Motions to Dismiss.

## Legal Standard

A motion to dismiss because the case is moot is an attack on the court's subject matter jurisdiction and is brought pursuant to Rule 12(b)(1). *See Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1182 (11th Cir. 2007). Attacks

under Rule 12(b)(1) can be either "facial" or "factual." *Makro Capital of Am., Inc. v. UBS AG*, 543 F.3d 1254, 1258 (11th Cir. 2008). A facial attack challenges subject-matter jurisdiction based on the allegations in the complaint. *Lawrence v. Dunbar*, 919 F.2d 1525 (11th Cir. 1990). Alternatively, a factual attack challenges just that, the facts that allegedly support subject-matter jurisdiction. *Makro Capital*, 543 F.3d at 1258. For a factual attack, a court may consider extrinsic evidence, such as affidavits and testimony. *Id.* "Since such a motion implicates the fundamental question of a trial court's jurisdiction, a 'trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case' without presuming the truthfulness of the plaintiff's allegations." *Id.* (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003)).

**Discussion**

Plaintiff is a disabled individual who has arthritis in critical joints and requires the use of various aids to walk. Dkt. 26 at 2. She brings this suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendants operate a restaurant, the Santa Fe Mexican Grill, that Plaintiff claims discriminates against her and others by failing to remove architectural barriers to access in violation of the ADA. Plaintiff's Complaint lists sixteen violations of the ADA. Dkt. 26 at 6–8. Defendants contends that they have voluntarily undertaken measures to remedy these alleged ADA violations, and that Plaintiff's claims are

now moot. Dkt. 32 at 7; Dkt. 33 at 8. Since Defendants use affidavits and photographs to show mootness, this is a factual challenge to subject-matter jurisdiction and this Court must "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Makro Capital*, 543 F.3d at 1258.

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citation omitted). A federal court lacks jurisdiction to hear moot cases because Article III of the Constitution grants federal court jurisdiction only over "cases or controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992). So a moot case must be dismissed. *Troiano*, 382 F.3d at 1282.

The ADA provides only one form of relief to plaintiffs—injunctive relief. *See* 42 U.S.C. § 2000a-3. So if all the barriers to access noted by an ADA plaintiff have already been remedied then the plaintiff has already received everything she would be entitled to and the lawsuit is moot. *See, e.g.*, *Nat'l All. for Accessability, Inc. v. Walgreen Co.*, No. 3:10-CV-780-J-32-TEM, 2011 WL 5975809, at *3 (M.D. Fla. Nov. 28, 2011); *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F. Supp. 2d 1359, 1365 (S.D. Fla. 2006). Voluntary cessation of conduct is normally not enough to moot a lawsuit unless it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur. *Buckhannon v. W.*

*Virginia Dep't. of Health and Human Resources*, 532 U.S. 598, 609 (2001). For remedies to barriers of access in ADA cases, usually it is clear that the barriers are unlikely to recur. *See Kallen v. J.R. Eight, Inc.*, 775 F. Supp. 2d 1374, 1379 (S.D. Fla. 2011) ("It is untenable for Plaintiff to suggest that once the renovations are completed they could be undone.") (citation omitted)

Here, Defendants have remedied each of the defects alleged by Plaintiff. Plaintiff alleges that the parking at Defendants' restaurant's parking lot is "rough and uneven," lacks a compliant route to the restaurant entrance, and lacks the required handicapped spaces and demarcation. Dkt. 26 at 7. Defendants have corrected these alleged violations. Dkt. 32 at 12–13; *see also* Dkt. 32-2 at 1–2; Dkt. 32-3 at 7–12. Plaintiff also alleges that many of the door knobs, stall door latches, and faucet handles in the restaurant's bathroom are ADA noncompliant. Dkt. 26 at 7–8. Defendants corrected these too. Dkt. 32 at 12–13; Dkt. 32-2 at 1–2; Dkt. 32-3 at 2, 4, 6. Plaintiff alleges that the bathroom mirror, paper towel dispenser, and the coat/purse hook, are too high. Dkt. 26 at 7–8. Each of these were appropriately lowered. Dkt. 32 at 13–14; Dkt. 32-2 at 2; Dkt. 32-3 at 4, 6. Plaintiff also alleges that grab bars in the handicap accessible bathroom stall are either missing or improperly placed. Dkt 26 at 7. Defendants have installed appropriate grab bars. Dkt. 32 at 13; Dkt. 32-2 at 1–2; Dkt. 32-3 at 4. Defendants have also wrapped the

handicapped accessible bathroom stall's sink pipes with insulation. Dkt. 32 at 13; Dkt. 32-2 at 1–2; Dkt 32-3 at 4.

Finally, Plaintiff alleges that the bar area and main floor of the restaurant lack sufficient ADA compliant seating. Dkt. 26 at 7–8. Yet the Defendants' affidavit and pictures show that there is ADA compliant seating in the main dining area and in the bar area. Dkt. 32 at 13–14; Dkt. 32-2 at 2; Dkt. 32-3 at 14, 19. In short, Plaintiff's alleged ADA violations are no longer present so there is no relief that this Court can give to Plaintiff. Plaintiff's claims are moot and her Amended Complaint must be dismissed.

**Conclusion**

The Court grants Defendants' Motions to Dismiss, Dkts. 32 & 33, without prejudice. Should Plaintiff not re-plead a second amended complaint within 20 days, the matter will be closed.

**DONE AND ORDERED** at Tampa, Florida, on May 14, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record